OPINION AND JOURNAL ENTRY
{¶ 1} On November 7, 2007 appellant, acting on his own, filed a notice of appeal directed to a sentencing order entered on August 21, 2006. On November 15, 2007 appellant filed a motion for leave to file a delayed appeal. In support of his motion appellant asserts that he did not waive his right to appeal and that his trial counsel stated he or she would file the notice of appeal.
 {¶ 2} This matter comes on appeal from a judgment filed on August 21, 2006 imposing a sentence of four years imprisonment after appellant pled guilty to a third degree felony driving under the influence charge. The trial court noted that appellant had seven prior DUI's, two prior driving under suspensions, two disorderly conducts and a domestic violence conviction, that he was under a community control sanction at the time of the offense and that he was operating a motor vehicle under a lifetime suspension at the time of the offense.
 {¶ 3} As part of the sentencing entry the trial court "advised the Defendant of his rights to appeal this Sentence in accordance with R.C. 2953.08(C)."
 {¶ 4} We also note that the "Motion for Leave to File Delayed Appeal and Motion for Assignment of Counsel" appears to be a standard boiler-plate document with blanks to be filled in by an inmate. It contains general statements and references to United States Supreme Court decisions, but does not provide specific information explaining why an appeal was not timely filed in this case. For instance, the statement that "trial counsel stated that he or she would file the Notice * * *" is unacceptable since the defendant-appellant most assuredly knows who trial counsel was, the gender of that individual and the details surrounding when such a promise *Page 2 
to appeal was made. This is critically important in view of the fact that appellant entered a guilty plea in this case, surrendering constitutional and statutory rights.
 {¶ 5} Appellant states that he was not aware of his right to appeal, but that is refuted by language in the sentencing entry.
 {¶ 6} Appellant has not provided a satisfactory explanation as to why he did not timely file a notice of appeal, especially in light of being advised of his right to appeal pursuant to both Crim.R. 32 and R.C.2953.08(C).
 {¶ 7} Motion for delayed appeal denied. Appeal dismissed. Costs taxed against appellant.
DeGenaro, P.J., concurs.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1